**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

ROBERT E. MILLER, JR.,

                          Plaintiff,

    v.                                            No. 12-CV-874
                                                       (LEK/CFH)

PAUL G. MADISON,

                          Defendant.

---

**APPEARANCES:**                                   **OF COUNSEL:**

ROBERT E. MILLER, JR.
Plaintiff Pro Se
48707-019
FCI Terre Haute Federal Correctional Institute
Post Office Box 33
Terre Haute, Indiana 47808

PAUL G.J. MADISON, ESQ.
Defendant
31 Harper Street
Stamford, New York 12167

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION

Plaintiff pro se Robert Miller ("Miller") filed an amended complaint alleging a breach of contract claim against defendant Paul Madison ("Madison"), an attorney practicing in the State of New York, pursuant to 28 U.S.C. § 1332. Am. Compl. (Dkt. No. 6). Presently pending is Miller's motion seeking injunctive relief. Dkt. No. 20. Madison did not respond to the present motion. For the reasons which follow, it is recommended that Miller's motion for injunctive relief be denied.

## I. Background

Miller's amended complaint alleges that while he was incarcerated at the Federal Correctional Institution Terre-Haute ("FCI"), he provided Madison with various notes totaling an alleged legal tender of over $600,000 for representation during appeals from Miller's criminal conviction. Am. Compl. at 1-6. However, Miller contends that in return he received no legal services from Madison. Id.

Presently, Miller seeks injunctive relief against the FCI facility and personnel in connection with an incident report that the facility issued against him. Dkt. No. 20 at 1-2. After opening and inspecting Miller's incoming legal mail from Madison, the facility issued the report charging Miller with using the mail for an illegal purpose. Dkt. No. 20 at 5-6. The incident report references affidavits and exhibits from Madison's incoming correspondence describing invalid and fraudulent promissory notes which Miller sent as payment to Madison while Miller was incarcerated at FCI. Id. Miller now seeks the Court to issue an order that (1) Miller is not committing or attempting fraud; (2) Miller needs to receive his legal documents; and (3) FCI and its employees must "cease and desist" all adverse actions against Miller. Id. at 1.

## II. Motion for Injunctive Relief

The standard for issuing injunctive relief in the Second Circuit is well established and requires "[t]he moving party [to] show (1) irreparable harm and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief." Covino v. Patrissi,

2

967 F.2d 73, 76-77 (2d Cir. 1992) (citations omitted).  Irreparable harm requires demonstration of an "injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages."  <u>Forest City Daly Housing, Inc. v. Town of North Hempstead</u>, 175 F.3d 144, 153 (2d Cir. 1999) (citations omitted).  Although, when the alleged irreparable harm is the violation of a constitutional right, no further showing is generally required.  <u>Mitchell v. Cuomo</u>, 748 F.2d 804, 806 (2d Cir. 1984) (citations omitted).

However, "to prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint."  <u>Lebron v. Armstrong</u>, 289 F. Supp. 2d 56, 61 (D. Conn. 2003) (citing <u>inter</u> <u>alia</u> <u>Omega World Travel, Inc. v. Trans World Airlines</u>, 111 F.3d 14, 15 (4th Cir. 1997) ("a preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action.")). Moreover, except in limited circumstances which are not present here, a court may not enjoin a non-party to the action.  <u>See</u> FED. R. CIV. P. 65(d)(2) ("Every order granting an injunction . . . binds only . . . the parties . . . ."); <u>United States v. Regan</u>, 858 F.2d 115, 120 (1988) (discussing the "proposition[, supported by both statute and case law] that a court generally may not issue an [injunctive] order against a nonparty.").

As neither FCI nor its employees are parties to the present case, issuing the requested injunctive relief is inappropriate.  Essentially, Miller seeks an injunction based upon assertions of misconduct relating to FCI staff inappropriately opening mail, charging him with a disciplinary infraction, and retaliating against him.  Such misconduct is different from the claims of a breach of contract with his attorney, Madison, which are asserted in his

3

complaint. No matter how meritorious these allegations of misconduct at FCI might be, they do not afford a basis for the issuance of injunctive relief in this action. To the extent such misconduct exists or persists, Miller would be better served to pursue those issues at the facility level and then, if necessary, through an appropriate action filed in the proper district court.

### III. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that Miller's motion for injunctive relief (Dkt. No. 20) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the recommendation that the motion for a preliminary injunction and temporary restraining order be denied. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Dated: January 9, 2013
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

4