UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROBERT E. MILLER, JR.,

                          Plaintiff,

    -against-                                       1:12-CV-0874 (LEK/CFH)

PAUL G. MADISON,

                          Defendant.

## DECISION and ORDER

**I.   INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on January 9, 2013, by the Honorable Christian F. Hummel, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c) of the Northern District of New York. Dkt. No. 22 ("Report-Recommendation"). After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the Objections by Plaintiff Robert E. Miller, Jr. ("Plaintiff"), which were filed on January 28, 2013. Dkt. No. 27 ("Objections"). For the reasons that follow, the Report-Recommendation is approved and adopted in its entirety.

**II.   BACKGROUND**

Plaintiff alleges that while he was incarcerated at the Federal Correctional Institution Terre-Haute ("FCI Terre-Haute"), he provided Defendant Paul G. Madison ("Defendant") with various notes totaling over $600,000 for representation during Plaintiff's appeal from a criminal conviction. Dkt. No. 6 ("Amended Complaint) at 1-6. However, Plaintiff contends that in return he received no legal services from Defendant. Id.

The past two months have witnessed a flurry of filing in this matter. On December 17, 2012,

Plaintiff filed a Motion seeking injunctive relief, which the instant Report-Recommendation addresses. Dkt. No. 20 ("Motion"). In this Motion, Plaintiff seeks injunctive relief against the FCI Terre-Haute facility and personnel in connection with an incident report that the facility issued against him. Id. at 1-2. After opening and inspecting Plaintiff's incoming legal mail from Defendant, the facility issued the report charging Plaintiff with using the mail for an illegal purpose. Id. at 5-6. The incident report references affidavits and exhibits from Plaintiff's incoming correspondence describing invalid and fraudulent promissory notes that Plaintiff sent as payment to Defendant. Id. Plaintiff therefore requests that the Court issue an order stating that: (1) Plaintiff is not committing or attempting fraud; (2) Plaintiff needs to receive his legal documents; and (3) FCI Terre-Haute and its employees must "cease and desist" all adverse actions against Plaintiff. Id. at 1.

On January 18, 2013, Plaintiff filed a Letter Motion seeking preliminary injunctive relief and arguing that Plaintiff faced "exigent circumstances" in prison that made the need for such relief particularly urgent. Dkt. No. 23 ("Letter Motion"). For largely the same reasons laid out in the Report-Recommendation regarding the Motion, the Court denied Plaintiff's Letter Motion. Dkt. No. 25 ("January 24, 2013 Order").

On January 22, 2013, Plaintiff filed an Emergency Motion for preliminary injunctive relief. Dkt. No. 24 ("Emergency Motion"). In the Emergency Motion, Plaintiff stated that his conditions of confinement have deteriorated to the point of being unbearable. See generally id. He claimed that he was being punished by prison staff for having allegedly sent fraudulent payments and messages to Defendant. Id. He further alleged that he was subjected to punishment because Defendant had complained and sent messages stating that Plaintiff was using a fraudulent account. Id. Plaintiff requested that the Court issue an order declaring that Plaintiff has a valid "account at

2

the Treasury" and that his "instruments" were not fraudulent. Id. at 8.[1]

On January 25, 2013, the Court denied Plaintiff's Emergency Motion. Dkt. No. 26 ("January 25, 2013 Order"). The Court concluded that "[t]o the extent that Plaintiff is requesting that the Court provide relief relating to Plaintiff's conditions of confinement against prison officials, the Court denies this request for the same reasons laid out in the January 24, 2013 Order." Id. at 2. However, the Court construed Plaintiff's Emergency Motion liberally and concluded that it could be read to state a request for a declaratory judgment. See generally id. Because the Court lacked sufficient basis to render such a judgment, the Court denied Plaintiff's Emergency Motion. Id.

While other filings remain pending in this case, the Court addresses only the Report-Recommendation and Plaintiff's initial Motion for a preliminary injunction at this time.

## III. LEGAL STANDARD

### A. Review of Report-Recommendation

The Court is to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations and quotations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "[W]here objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same

---

[1] In the interests of judicial economy and resolving Plaintiff's concerns as expeditiously as possible, the Court does not provide a full recitation of Plaintiff's factual allegations underlying the Amended Complaint or the instant Emergency Motion.

3

arguments set forth in the original petition, reviewing courts should review a report and recommendation for clear error." McAllen, 517 F. Supp. at 679 (quoting Edwards v. Fischer, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### B. Preliminary Injunction

The standard for issuing injunctive relief in the Second Circuit requires "[t]he moving party [to] show (1) irreparable harm and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief." Covino v. Patrissi, 967 F.2d 73, 76-77 (2d Cir. 1992) (citations omitted). Irreparable harm requires demonstration of an "injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." Forest City Daly Housing, Inc. v. Town of North Hempstead, 175 F.3d 144, 153 (2d Cir. 1999) (citations omitted).

## IV. DISCUSSION

In his Report-Recommendation, Judge Hummel recommends that the Court deny Plaintiff's request because FCI Terre-Haute and its employees are not named as parties in this action, making them improper targets for injunctive relief. See generally Report-Rec. As the Court noted in its January 24 and January 25, 2013 Orders, this is an accurate statement of the law, and the Court may not enjoin the behavior of non-party FCI Terre-Haute personnel that is unrelated to the matter at hand. Jan. 24, 2013 Order at 2-4; Jan. 25, 2013 Order at 2.

In his Objections, however, Plaintiff asserts that he is not seeking relief against non-party

prison employees and is instead seeking relief against Defendant. See generally Obj. Whereas the Court in its January 24, 2013 Order and Judge Hummel in the Report-Recommendation had both focused on Plaintiff's general complaints about his conditions of confinement and his punishment at the hands of the Bureau of Prisons ("BOP"), Plaintiff in his Objections explains that he is primarily concerned with *Defendant's actions that precipitated* this punishment. See generally id. Plaintiff once again emphasizes the deplorable conditions of the Special Housing Unit ("SHU") and the fact that he has embarked on a hunger strike to protest what he considers to be unlivable conditions and general injustices committed against him. See generally id. However, Plaintiff explains that the "main point" of his Objections is to clarify the relief he is requesting – essentially an order directing Defendant to inform BOP or FCI Terre-Haute that Plaintiff has not committed fraud. Id. at 2-3. Upon the issuance of such an order and Defendant's withdrawal of his prior statement, Plaintiff believes that he will be spared further discipline from the prison and be removed from the SHU. Id.

First, as it noted in its two prior Orders, the Court takes very seriously Plaintiff's statements about his declining health and the threats to his physical well-being. However, as the Court has also noted and as Judge Hummel expressly stated in his Report-Recommendation, the proper vehicle for redressing such claims is either through initiating an action at the facility level or bringing a claim in the proper district court. See, e.g., Report-Rec. at 4.

As expressed in his Objections, however, what Plaintiff is seeking here is an Order relating to what he perceives to be the root cause of his current situation. According to Plaintiff's account of events, if Defendant had never led the prison officials to believe that Plaintiff had committed fraud, then Plaintiff would not be suffering as he is now. By ordering Defendant to concede that Plaintiff had not committed fraud, therefore, Plaintiff contends that his current struggles in prison would be

5

remedied.  In light of his Objections, the Court reviews the Motion and Plaintiff's arguments *de novo*.

While the Court appreciates Plaintiff's clarification of his position and is mindful of its obligation to construe Plaintiff's *pro se* filings liberally, Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990), the Court concludes that there is no basis to grant to the extraordinary remedy of a preliminary injunction in this case.  First, it is early in the present litigation; the parties have undertaken no discovery, and, indeed, a Motion to dismiss Plaintiff's claims is currently pending.  See generally Dkt.  As the Court noted in denying Plaintiff's Emergency Motion, "[w]hile there is clearly a dispute between the parties as to whether Plaintiff paid Defendant legal tender and Defendant accepted such payments, this dispute has yet to be substantially fleshed out."  Jan. 25, 2013 Order at 3.  After a thorough review of the record, the Court is unable to identify sufficient factual evidence or legal support for the contention that Plaintiff has clearly not sent fraudulent payments or that he has a valid "account at the Treasury."  Emergency Mot. at 8.  The record – as of yet – remains too sparse to support an order that Defendant renounce any allegations of fraud by Plaintiff.

Further, the Court notes that Plaintiff's Objections rely on a substantial logical leap that would make any injury or relief from injury here highly speculative.  Forest City Daly Housing, Inc., 175 F.3d at 153.  The injury that Plaintiff alleges as a basis for preliminary injunctive relief is his discipline at the hands of prison officials in response to Defendant's accusations of fraud against him.  However, Plaintiff has at no point claimed that Defendant is continuously raising allegations of fraud against him or that Defendant has been in frequent contact with prison officials, leading to

Plaintiff's continued detention in the SHU.[2] Rather, Plaintiff asserts that Defendant's initial complaints and communications served as the basis for the misbehavior report that led to his current punishment. Therefore, while the alleged injury to Plaintiff may be ongoing, the alleged wrong committed by Defendant occurred in the past. At this point, prison personnel *and not* Defendant are leveling punishment against Plaintiff and keeping him incarcerated in the SHU. Therefore, even if Defendant were to recant, the decision of whether to keep Plaintiff confined in the SHU would rest with prison officials *and not* Defendant. As a result, because the individuals directly responsible for Plaintiff's current suffering are third parties, it remains entirely speculative that an order instructing Defendant to declare that Plaintiff had not committed fraud (to the extent that the Court could properly issue such an order) would remedy Plaintiff's injury.

Because Plaintiff has failed to allege ongoing harm that is directly traceable to Defendant and that could be remedied by prospective relief, the Court adopts the Report-Recommendation and denies Plaintiff's Motion.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 22) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Motion (Dkt. No. 20) for injunctive relief is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties.

---

[2] The Court finds no factual basis for such a claim at any point in Plaintiff's filings. To the extent that Plaintiff intends to assert such a claim, the Court takes no position on whether it might properly give rise to a request for injunctive relief.

7

**IT IS SO ORDERED.**

DATED:     January 30, 2013
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge